UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER T. WHITTON,<br><br>  Plaintiff,<br>v.<br>OFFICER MORTIMER, et al.,<br><br>  Defendants. | Case No. 2:15-cv-01399-APG-PAL<br><br>**ORDER**<br><br>(IFP Application – Dkt. #1) |

This matter is before the Court on Plaintiff Christopher T. Whitton's Application to Proceed *In Forma Pauperis* (Dkt. #1), filed July 22, 2015. This proceeding is referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and LR 1-3 and 1-9.

Plaintiff is a prisoner proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without the prepayment of filing fees. However, Plaintiff's IFP application is incomplete. Local Rule LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[1] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

---

[1] 28 U.S.C. § 1915(a)(2) states:
>  A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added).

1

Here, Plaintiff has submitted the required affidavit along with the financial certificate, but he did not include a copy of his inmate trust account statement. Although it appears Plaintiff qualifies to proceed IFP, the Court cannot determine the amount of the initial partial filing fee because Plaintiff has not submitted the certified trust fund account statement. Therefore, the Court will deny Plaintiff's IFP application without prejudice.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court shall retain Plaintiff's Complaint (Dkt. #1-1), and shall mail Plaintiff a blank IFP application for incarcerated litigants along with instructions for completing the application.

3. Plaintiff shall file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.

4. Plaintiff shall have until **September 28, 2015**, to file a new IFP application.

5. Alternatively, Plaintiff shall pay the filing fee of three hundred fifty dollars ($350.00),[2] accompanied by a copy of this Order, on or before **September 28, 2015**.

6. Plaintiff's failure to comply with this Order by: (a) submitting a new IFP application, or (b) paying the filing fee, before the **September 28, 2015** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 27th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.