UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER T. WHITTON,

                   Plaintiff,

    v.

OFFICER MORTIMER, et al.,

                 Defendants.

Case No. 2:15-cv-01399-APG-PAL

**ORDER**
**– and –**
**REPORT OF FINDINGS AND**
**RECOMMENDATION**

(Dkt. #10, #15, #17, #18)

This matter is before the Court on Plaintiff Christopher T. Whitton's Response (Dkt. #14) to the Court's Order (Dkt. #11), dated March 16, 2016, as well as his Motion to File Amended Complaint (Dkt. #10), Motion for Production of Brady Material (Dkt. #15), Motion to Admit Evidence (Dkt. #17), and Motion for Production of Discovery and Brady Material (Dkt. #18). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## I.  MR. WHITTON'S *IN FORMA PAUPERIS* STATUS

Mr. Whitton is a pretrial detainee in the custody of the Clark County Detention Center ("CCSD"). He is proceeding in this action *pro se* meaning he is representing himself. On July 22, 2015, he filed an IFP Application (Dkt. #1) and Complaint (Dkt. #1-1). However, Whitton's IFP Application did not include a copy of his inmate trust account statement; thus, the Court denied the application without prejudice. *See* Order (Dkt. #3). On September 8, 2015, he filed an amended IFP Application (Dkt. #5), which included the required inmate trust account statement. The Court therefore issued an Order granting Mr. Whitton's request to proceed IFP and instructing him that his Complaint would be screened pursuant to 28 U.S.C. § 1915A once he paid an initial partial filing fee of $22.47. *See* Order (Dkt. #6). The Court allowed Whitton 30 days to have the designated fee sent to the Clerk of the Court, on or before November 9, 2015. *Id.*

Mr. Whitton did not send the designated fee to the Clerk's Office but, instead, submitted a letter to the Court stating that his inmate trust account was overdrawn and he did not know if or when he would receive funds to pay the $22.47 initial partial filing fee. *See* Dec. 4, 2015 Letter (Dkt. #8). The letter attached a more current copy of his inmate trust account statement, but did not contain a certificate signed by an authorized officer of CCDC certifying that the account information was accurate. *Id*. Thus, the Court ordered him to submit a new financial certificate signed and executed by a CCDC officer and a current statement of his inmate trust account. *See* Mar. 16, 2016 Order (Dkt. #11).

Several days after this Order was entered, the Clerk's Office filed a Receipt of Payment (Dkt. #12) showing that Mr. Whitton paid the full $350 filing fee on February 26, 2016. *See also* Mar. 22, 2016 Letter (Dkt. #); Pl.'s Response (Dkt. #14). Thus, he has paid the filing fee in full and the Court will proceed to screen his Complaint.

**II.  SCREENING THE COMPLAINT**

The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b).

**A.      Mr. Whitton's Factual Allegations and Claims for Relief**

This case arises from Mr. Whitton's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights. The Complaint (Dkt. #1-1) names as Defendants numerous police officers from the Las Vegas Metropolitan Police Department and Whitton's court-appointed defense attorney. He alleges they have violated his Sixth, Eighth, and Fourteenth Amendment rights to due process, a fair and speedy trial, and effective counsel, as well as his Fourth Amendment right regarding excessive force. Mr. Whitton was arrested on October 16, 2014, after a police vehicle collided with the vehicle he was driving. Whitton alleges that the officer who

/ / /

handcuffed him "pounc[ed] up and down" on his back and neck causing injury. *Id*. at 3. Whitton believes that either Officer Mortimer or "Eric Meyer" pounced on him. *Id*. at 8.

Mr. Whitton claims that Officer Mortimer lied on his police report regarding the events of his October 16, 2014 arrest by, among other things, asserting that the officer needs surgery on his shoulder because of the events surrounding Whitton's arrest. *Id*. at 4. Mr. Whitton alleges that testimony at his preliminary hearing revealed that Officer Mortimer was injured when Whitton's vehicle struck a garbage can and the garbage can then struck the officer. *Id*. at 8–9. However, the police report states that other police officers on the scene witnessed Whitton "striking Officer Mortimer." *Id*. at 10. Mr. Whitton alleges that Officer Mortimer's false report has had a "domino effect" on the criminal proceedings and caused him to face more charges. *Id*. at 4–6. The Complaint states that Whitton is charged with, among other things, disobeying a police officer, failing to obey stop, reckless driving, and battery with a deadly weapon. *Id*. at 5.

Mr. Whitton also alleges that his court-appointed defense attorney, Michael Pandullo, has placed him in grave danger and is not fighting for his rights. *Id*. at 6. Whitton states that his investigator "can't seem to get any discovery information at all, no medical records for officer Mortimer." *Id*. Mr. Pandullo is purportedly "always late" to court and "sends his wife who is not my attorney of record." *Id*. at 6–7. Whitton states that he needs "someone who will be fair" to assist him in investigating his case. *Id*. at 10. Mr. Whitton seeks $1.5 million in damages for his medical expenses, mental anguish, emotional distress, and civil rights violations. *Id*. at 14.

**B.    Legal Standard**

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

3

essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679– 80.  Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

For the reasons discussed below, the Court finds that it must abstain from adjudicating Mr. Whitton's case because his claims arise out of ongoing state criminal proceedings against him. Thus, the Court will recommend to the district judge that Whitten's claims for declaratory and injunctive relief be dismissed and claims for money damages be stayed pending the outcome of the criminal matter.

## C.    Analysis

### 1.    The Younger Abstention Doctrine

The *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  The Supreme Court has stated that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 588 (2013) (emphasis added); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (finding that *Younger* applies to damages claims as well as claims for injunctive or declaratory relief).

Federal courts use the three-part "*Middlesex* test" to determine if *Younger* abstention applies: (1) whether the state proceedings are ongoing; (2) whether the proceedings implicate important state interests; and (3) whether the state proceedings provide an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Although it is not a precondition to *Younger* abstention, the Ninth Circuit has identified another consideration: whether the federal action would enjoin the state proceeding or have the practical effect of doing so. *Gilbertson*, 381 F.3d at 978 (holding that "direct interference" is not required).

Here, all three requirements of *Younger* abstention are satisfied (although, the Court will discuss Mr. Whitton's excessive force claim in greater detail below). First, Mr. Whitton acknowledges that the criminal case is ongoing in the state court as he requests that this Court intervene by helping him investigate his case. *See* Compl. (Dkt. #1-1) at 10. Second, Whitton's criminal proceedings involve important state interests. Courts have uniformly held that states, in this case, the State of Nevada, have an important interest in enforcing their criminal laws, free from federal interference. *See, e.g.*, *Moore v. Sims*, 442 U.S. 415, 423 (1979) (explaining that *Younger* was first articulated with reference to state criminal proceedings). Third, the state criminal procedures provide an opportunity for Mr. Whitton to raise his constitutional challenges. *Middlesex*, 457 U.S. at 432 (federal courts "should abstain unless state law clearly bars the interposition of the constitutional claims"); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (noting that a state criminal process provides a "fair and sufficient opportunity for vindication of federal constitutional rights"). For example, if evidence was gained through an unlawful search or an interrogation where access to counsel was unlawfully denied, a state court may suppress such evidence. Whitton should first "set up and rely upon his defense in the state courts" since he does not allege that the state criminal procedures do not afford him an adequate opportunity to raise his constitutional issues. *See Younger*, 401 U.S. at 45.

Because the *Middlesex* test is satisfied, abstention is required. The Court will therefore recommend dismissal of all claims seeking injunctive or declaratory relief. *Sprint Commc'ns*, 134 S. Ct. at 590–91 (dismissal is appropriate to "prevent erosion of the role of the jury and avoid a

duplication of legal proceedings and legal sanctions") (quoting *New Orleans Public Service*, *Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)).  To the extent Whitton seeks money damages, the Court will recommend a stay of his claims until such time as his state proceeding is no longer pending.  *Gilbertson*, 381 F.3d at 981.

## 2.   Claim for Excessive Force

"The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances" as perceived by a reasonable officer at the scene.  *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).  However, the "Fourth Amendment does not prohibit a police officer's use of reasonable force during an arrest."  *Tatum v. City of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

In addition to the three *Middlesex* factors, Mr. Whitton's excessive force claim requires the Court to evaluate whether this federal action would interfere with the state prosecution or have the practical effect of doing so.  Federal courts will not consider claims seeking money damages under § 1983 "if doing so will require the court to rule on issues in dispute in a state court criminal proceeding."  *Rivas v. California Franchise Tax Bd.*, 619 F. Supp. 2d 994, 1000 (E.D. Cal. 2008) (citing *Heck*, 512 U.S. at 487 n.8); *see also Gilbertson*, 381 F.3d at 984 (*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated").  However, an excessive force claim may involve different facts than those supporting plaintiff's arrest or criminal charges.  If an excessive force claim presents a separate factual scenario than the criminal charges, the claim may proceed while a plaintiff's criminal case is ongoing because the claim would have no effect on the criminal proceeding.  *Rivas*, 619 F. Supp. 2d at 1006; *cf. Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011) (finding that a plaintiff's excessive force claim was not a collateral attack on his conviction because the claim did not undermine the lawfulness of the arrest).  In those situations, *Younger* does not require a stay because the excessive force claim would not interfere with the criminal case.  *Id.* (declining to stay an excessive force claim where plaintiff's criminal charges did not include resisting arrest or any related offense).  But when a plaintiff has been

6

charged with resisting arrest or a similar offense, the court may properly stay an excessive force claim to avoid interfering with the criminal proceeding. *See, e.g.*, *Stoddard-Nunez v. City of Hayward*, 2013 WL 6776189, at *4 (N.D. Cal. Dec. 23, 2013) (staying § 1983 action because "any disposition [of a] civil case prior to the resolution of criminal proceedings may be at odds with the outcome of the criminal proceedings, and thus tantamount to interference with the criminal case").[1]

Here, the Court finds that a stay of Whitton's excessive force claim would be appropriate as any determination that his constitutional rights were violated would have the practical effect of interfering with the "state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. The Complaint (Dkt. #1-1) indicates that Whitton is charged with, among other things, disobeying a police officer. *Id.* at 5. Officer Mortimer testified that he needs surgery on his shoulder because of the events surrounding Whitton's October 16, 2014 arrest. *Id.* at 4. Mr. Whitton alleges that the officer who handcuffed him "pounc[ed] up and down" on his back and neck causing injury. *Id.* at 3. Although the allegations do not provide all the details of arrest or the criminal charges, they plainly suggest that Whitton may present a defense asserting that his actions were justified based on the officer's use of excessive and unconstitutional force. In Nevada, an individual may physically resist arrest only if an officer's use of force is "unlawful and excessive" and only if the arrestee "is facing imminent and serious bodily harm at the hands of the police officer." *Batson v. State*, 941 P.2d 478, 481 n.2, 483 & n.3 (Nev. 1997); *State v. Lisenbee*, 13 P.3d 947, 951 (Nev. 2000). To rule on the constitutional issue in these circumstances would

---

[1] *See also Jones v. Cty. of Contra Costa*, 2014 WL 1411205, at *2 (N.D. Cal. Apr. 11, 2014) (collecting cases and staying § 1983 damages action where plaintiff could defend allegations of resisting arrest "by claiming that the officers were not acting in 'lawful' performance because they used excessive force against him"); *Quesada v. City of Antioch*, 2008 WL 4104339, at *1–2 (N.D. Cal. Aug. 29, 2008) (staying § 1983 action where plaintiffs could raise their excessive force claim that the officers' behavior was unconstitutional as a defense against plaintiffs' criminal charges for resisting arrest in the ongoing state proceedings); *Peyton v. Burdick*, 2008 WL 1776450, at *2–4 (E.D. Cal. Apr. 18, 2008) (staying § 1983 action where pre-trial detainee who filed suit against a police detective for false arrest could litigate his claims of unconstitutional behavior in the state criminal action); *Voychuk v. California*, 2006 WL 738796, at *2 (E.D. Cal. Mar. 22, 2006) (staying § 1983 action where a plaintiff charged with assaulting a police officer could use excessive force as a defense to show that officer was not engaged in the lawful performance of his duties).

impermissibly risk interfering with the State of Nevada's administration of its judicial system.

One additional justification for a stay of the excessive force claim is to preserve the Defendants' right to bring a motion to bar Whitton's constitutional claims should he be convicted of the underlying charges pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under 42 U.S.C. § 1983, to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must show that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87. A claim for damages under § 1983 cannot go forward when the claim is based on a conviction or sentence that has not been invalidated. *Id.*

If the Court were to allow this civil rights matter to move forward without a final determination as to Mr. Whitton's guilt on the charge of disobeying a police officer, it would essentially force the officers to waive their right to bring a motion based on *Heck*. Convictions, whether via plea or jury verdict, may prevent Whitton from raising some of the constitutional issues in this civil case. *Heck* makes it very clear that failing to stay this action would potentially expose the officers to inconsistent findings regarding the same facts and circumstances surrounding Mr. Whitton's arrests. If the lawfulness of Whitton's arrest is upheld in the state criminal proceeding, then he would be barred from re-litigating those same constitutional issues in this case and such claims may even be barred outright under *Heck*. The Court must therefore refrain from exercising jurisdiction "by staying its hand until such time as the state proceeding is no longer pending." *Gilbertson*, 381 F.3d at 981.

### III.   MR. WHITTON'S PENDING MOTIONS

Whitton recently filed a Motion for Leave to File Amended Complaint (Dkt. #10). When seeking leave to amend a pleading, LR 15-1(a) of the Local Rules of Practice requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." Here, Mr. Whitton did not attach a proposed amended complaint to his motion. Instead it appears that he may be attempting to supplement his original complaint with additional allegations and a proposed Decision and Order

by the Nevada Department of Administration regarding Officer Mortimer's alleged injury during his arrest. *Id.* at 6–10. An amended complaint must be complete in itself without reference to any prior pleading because it supersedes the original complaint. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Without a proposed amended complaint to review, the Court cannot determine whether leave to amend is appropriate.

Nevertheless, based on Whitton's arguments in the motion, it is clear that an amendment would not change the Court's abstention analysis. When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). When a proposed amended complaint is not submitted with the motion, the Court would typically deny the request to amend without prejudice and allow a plaintiff to refile the motion along with a proposed amended complaint. However, Whitton's motion asserts that he is still waiting to receive evidence from the Clark County District Attorney's office and he wants to add the district attorney and "John Doe" officials to his complaint. He does not indicate his criminal case has been resolved, but instead argues that this Court should dismiss his criminal charges based on various constitutional violations. Thus, the Court's abstention analysis fully applies and Whitton cannot cure the procedural deficiency at this time. The Court will therefore recommend that his Motion for Leave to File Amended Complaint (Dkt. #10) be denied.

Finally, Mr. Whitton has also filed a Motion for Production of Brady Material (Dkt. #15), Motion to Admit Evidence (Dkt. #17), and Motion for Production of Discovery and Brady Material (Dkt. #18). All of these motions relate to relief requested from this Court in his pending criminal case. Because the Court has determined that abstention is appropriate in this matter, the motions are denied.

/ / /

/ / /

/ / /

Accordingly,

**IT IS ORDERED** that:

1.  The Clerk of the Court SHALL FILE the Complaint (Dkt. #1-1), but SHALL NOT issue summons.

2.  Plaintiff's Christopher T. Whitton's Motion for Production of Brady Material (Dkt. #15), Motion to Admit Evidence (Dkt. #17), and Motion for Production of Discovery and Brady Material (Dkt. #18) are DENIED.

**IT IS RECOMMENDED** that:

1.  Plaintiff's Christopher T. Whitton's Motion to File Amended Complaint (Dkt. #10) be DENIED.

2.  Plaintiff's Christopher T. Whitton's Complaint (Dkt. #1-1) be

    a.  DISMISSED as to all claims seeking injunctive or declaratory relief; and

    b.  STAYED as to all claims for money damages pending the resolution of the criminal charges against Mr. Whitton.

3.  The Clerk of the Court be instructed to ADMINISTRATIVELY CLOSE this case.

4.  Mr. Whitton be required to file a request to reopen this case within 30 days of the final disposition of his criminal case if he wishes to proceed.

Dated this 28th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and

authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-4.  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, a failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.